IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| BRYON D. PETERSEN,<br><br>　　　　Petitioner,<br><br>vs.<br><br>SCOTT CARVER, Warden, Utah State Prison,<br><br>　　　　Respondant. | MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT OR ORDER PURSUANT TO RULE 60 AND GRANTING PETITIONER'S REQUEST FOR COPIES<br><br><br>Case No. 2:04-CV-174 TS |

Petitioner moves for relief from the July 13, 2006 Order[1] dismissing his § 2254 Petition on the grounds that he did not receive notice of the entry of the Order and was thereby denied his right to appeal the Order. Respondent contends that the relief sought is barred by Fed. R. Civ. P. 4(a)(6) because the Motion was filed more than 180 days after the Order was entered.

---

[1] Docket No. 14.

The relevant facts are as follows: Petitioner filed his petition on February 17, 2004.[2] On November 23, 2004, he filed a request for case status and disposition.[3] On August 23, 2005, the Court granted his request for case status explaining that it was under consideration, and was about fifth in line to be reviewed.[4] On July 13, 2006, the Court denied the Petition on its merits and dismissed the case.[5] On March 21, 2007, Petitioner filed a Motion seeking resolution of his case via a Report and Recommendation by the Magistrate Judge to whom the case had been referred.[6] On March 26, 2007, the Court denied the Motions on the grounds that it was moot because the Petition was denied and the case closed.[7] On April 9, 2007, Petitioner filed the present Motion.[8]

Because Petitioner submits his Motion as a Declaration under Penalty of Perjury, the Court will assume for the purposes of the present Motion that he did not receive Notice.[9]

---

[2] Docket No. 1.

[3] Docket No. 11.

[4] Docket No. 13, at 1.

[5] Docket No. 14.

[6] Docket No. 15.

[7] Docket No. 16.

[8] Docket No. 17.

[9] *See* 28 U.S.C. § 1746 (providing that whenever any matter is required to be supported by sworn declaration or affidavit, such matter may, be supported by a sworn verification under penalty of perjury that the written statement is true and correct).

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." However, pro se status does not excuse the obligation to file a timely Notice of Appeal. On the other hand, if the litigant does not receive notice of the district court's entry of judgment until after the time for filing a Notice of Appeal has expired, relief may be available.[10]

As the Tenth Circuit recently reiterated *Stringer v. Franklin,*[11]

[Federal R. App. P.] 4(a)(6) permits the district court to "reopen the time to file an appeal" if three conditions are satisfied, one of which is that "the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice . . . of the entry, *whichever is earlier.*" [Petitioner] claims he did not receive notice of the judgment for almost ten months after it was entered, essentially asking the court to equitably toll the 180-day limitation. However, it is clearly settled that "nothing within Rule 4(a)(6) indicates it is permissive or that its limitations may be waived for equitable reasons. The 180-day limitation . . . is specific and unequivocal."[12]

The Court agrees with the government that the facts of the present case are indistinguishable from *Clark v. Lavallie.*[13] In that case, the petitioner also alleged that he did not receive notice of the final judgment before the 180-day period ran. The petitioner sought relief under Fed. R. Civ. P. 60(b). The Tenth Circuit noted that the 1991 Amendments to Fed. R. App. P. 4, added subsection (a)(6)(b), which "was designed to respond to the circumstances that had prompted courts to use [Rule] 60(b)(6) to

---

[10]*United States v. Williams*, 179 Fed.Appx. 522, 525-26 (10th Cir. 2006) (quoting *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) and citing *Senjuro v. Murray*, 943 F.2d 36, 38 (10th Cir. 1991)).

[11]172 Fed. Appx. 236 (10th Cir. 2006).

[12]172 Fed. Appx. at 237 (quoting *Clark v. Lavalie*, 204 F.3d 1038, 1040 (10th Cir. 2000)).

[13]204 F.3d at 1038.

circumvent the deadlines specified by Fed. R. App. P. 4(a)(5). . . . [T]he specificity of Rules 4(a)(6) and 77(d) 'precludes the use of [Rule] 60(b)(6) to cure problems of lack of notice.'"[14] Rule 4(a)(6) applies to preclude relief under Rule 60(b), regardless of whether Petitioner is acting pro se or whether it may "work misfortune."[15]

Accordingly, the Court must deny Petitioner's request for an inquiry into why he contends that he did not receive notice—the reason is immaterial because Rule 4(a)(6) still precludes relief under Rule 60(b). Petitioner also sought copies of the Docket of this case, and copies of various documents filed therein. The Court will grant this request, in part. It is therefore

ORDERED that Petitioner's request for a copy of the docket and the Order denying his Petition,[16] is GRANTED and the clerk of court shall include such copies when serving a copy of this Order. It is further

ORDERED that Petitioner's Motion for Relief from Judgment or Order Pursuant to Rule 60 is in all other respects, DENIED.

DATED  August 17, 2007.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[14] *Id.* at 1040-41 (quoting and following *Zimmer St. Louis, Inc. v. Zimmer Co.*, 32 F.3d 357, 360-61 (8th Cir. 1994)).

[15] *Id*. at 1041.

[16] Docket No. 14.